**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FEDERAL TRADE COMMISSION,

        Petitioner,

vs.                                         Case No. 3:16-mc-45-J-34JRK

AFR FINANCIAL LLC,

        Respondent.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Petition of the Federal Trade Commission ("FTC") for an Order Enforcing Administrative Investigative Process and Memorandum of Law (Doc. No. 1; "Petition"), filed July 29, 2016, and the Order to Show Cause (Doc. No. 2) entered by the undersigned on August 4, 2016. Upon review, the undersigned finds the Petition is due to be granted.[2]

The Petition seeks to require Respondent AFR Financial LLC to comply with a Civil Investigative Demand ("CID") that "was issued in the course of a nonpublic investigation concerning possible violations by [Respondent] AFR Financial, a debt collection firm, of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p." Petition at 1. According to Petitioner, "[t]he CID directs

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The undersigned "proceed[s] by report and recommendation because the application sets forth all the relief requested by the [FTC], making its resolution dispositive of this matter." EEOC v. Royal Caribbean Cruises, Ltd., No. 12-mc-22014, 2013 WL 9778951, at *8 n.1 (S.D. Fla. Jan. 4, 2013) (unpublished Report and Recommendation), adopted, Order Adopting Magistrate Judge McAliley's Report and Recommendation, No. 12-mc-22014 (S.D. Fla. June 7, 2016) (Doc. No. 50), aff'd, 771 F.3d 757 (11th Cir. 2014).

[Respondent] to respond to 14 interrogatories and 4 document requests concerning its purchase of debt portfolios from third parties, its attempts to collect on the consumer loans listed in those portfolios, and its efforts to verify the validity of those loans." Id.  Petitioner issued the CID on March 23, 2016, directing a response by April 8, 2016. Id. at 1, 6-7.  Petitioner represents that it has communicated with Respondent and its counsel on a number of occasions regarding the CID, and Respondent still failed to comply.  Id. at 2, 7-10.

On August 4, 2016, the undersigned entered an Order to Show Cause (Doc. No. 2), in part directing Respondent to file a written show-cause response stating why Respondent should not be compelled to comply with the CID issued by Petitioner.  Respondent was instructed to file the show-cause response with the Court and serve it on Petitioner's counsel no later than September 15, 2016.  Order to Show Cause at 2.  The undersigned advised Respondent that failure to do so may result in an Order directing Respondent to comply with the CID. Id.  On August 23, 2016, Respondent was served with the Order to Show Cause, together with the Petition and all exhibits attached thereto.[3]  See Declaration of Service (Doc. No. 3), filed August 26, 2016.  Respondent has filed nothing to date.

"A district court's role in a proceeding to enforce an administrative subpoena is limited." EEOC v. Tire Kingdom, Inc., 80 F.3d 449, 450 (11th Cir. 1996) (citation omitted).  "The court may inquire into (1) whether the administrative investigation is within the agency's authority, (2) whether the agency's demand is too indefinite, and (3) whether the information sought is reasonably relevant." Id. (citations omitted).

---

[3] According to the Declaration of Service (Doc. No. 3) and attached Returns of Service (Doc. Nos. 3-1, 3-2), the only addresses found for the Respondent company or its officers were the residential addresses of Kimona Fuartado and Carla Austin.  Ms. Fuartado is the company's registered agent and a managing member, and Ms. Austin is a managing member.  See Declaration of Service at 2.  The authorized process server for FTC served Ms. Austin personally at her home, and he served Ms. Fuarado's adult daughter at Ms. Fuartado's home. Id.  Accordingly, Respondent was appropriately served.  See Fed. R. Civ. P. 4(h); Fla. Stat. §§ 48.81, 48.031.

Upon review of the Petition and the file as a whole, the undersigned finds the investigation at issue is within the FTC's authority, the demand is not too indefinite, and the information Petitioner seeks from Respondent is reasonably relevant to its investigation.

Accordingly, after due consideration, it is

**RECOMMENDED**:

1. That the Petition of the Federal Trade Commission for an Order Enforcing Administrative Investigative Process and Memorandum of Law (Doc. No. 1) be **GRANTED**; and

2. That the Court enter an Order requiring Respondent AFR Financial LLC to fully comply with the CID issued by Petitioner within ten (10) days of the Order or at such later date as may be established by the Federal Trade Commission.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on September 30, 2016.

JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of record

AFR Financial LLC
c/o Kimona Fuartado
8018 Foxdale Dr.
Jacksonville, FL 32210

AFR Financial LLC
c/o Carla Austin
905 Rising Mist Ct.
Jacksonville, FL 32221